FILED

MAY 07 2015

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

SHAWN RYAN COWAN

Petitioner,

vs.

DAVID BERKEBILE, et al.,

Respondents.

Cause No. CV 15-24-H-DLC-JCL

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Shawn Ryan Cowan, appearing pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Based upon the record before it, the Court finds that the petition is procedurally defaulted without excuse and that a certificate of appealability should be denied.

## I. Background

Cowan seeks relief from 2002 and 2009 convictions in the 21st Judicial District Court, Ravalli County, Montana. In 2002, following a plea of guilty, Cowan was convicted of felony aggravated kidnapping for which he received a six year deferred imposition of sentence. In 2005, the trial court revoked Cowan's deferred sentence and committed him to the Department of Corrections (DOC) for ten years with six of those years suspended.

In May 2009, following a plea of guilty, Cowan was sentenced on two new

charges: felony burglary and felony possession of dangerous drugs. He received five year consecutive terms for each new charge, with these sentences ordered to run concurrently to the 2005 sentence.

In 2012, the trial court revoked both the 2005 and the 2009 sentences. And on July 8, 2013, Cowan was sentenced to a six-year DOC commitment for the 2005 sentence and a five-year DOC term for the 2009 sentence, with the sentences to run concurrently. Cowan filed two consolidated appeals in relation to his revoked sentences. On January 27, 2015, the Montana Supreme Court granted *Anders* motions of Cowan's counsel and dismissed both appeals.[1]

Cowan also sought habeas relief in the Montana Supreme Court. He argued that his original sentence for aggravated kidnapping was illegal because the Court failed to follow the statutory sentencing scheme which required a two-year mandatory minimum prison sentence. The Montana Supreme Court found that the applicable statutes did, in fact, provide relief for Cowan from the mandatory minimum sentence and that his original deferred sentence was legal. *See Cowan v. Berkebile*, No. OP 15-0989 (Mont. Feb. 17, 2015) at 2.

Cowan also challenged the constitutionality of his guilty pleas and the trial court's jurisdiction in relation to both cases. The Court found that Cowan's claims were procedurally barred and that entering voluntary and informed pleas of guilty

---

[1] *See State v. Cowan*, No. DA 13-0605 Or. (Mont. Jan. 27, 2015) and *State v. Cowan*, No. DA 13-0606 Or. (Mont. Jan 27, 2015).

in both 2002 and 2009, Cowan waived his right to appeal all non-jurisdictional defects. *Id.* at 3. This waiver included claims of constitutional violations which may have occurred prior to the plea. *Id.* Also, the Court found that habeas relief is "not available to attack the legality of an order revoking a suspended or deferred sentence." *Id.,* citing Mont. Code Ann. 46-22-101(2). Therefore, Cowan was unable to challenge the legality of his revoked sentences and was not being held illegally. Accordingly, Cowan's state petition for a writ of habeas corpus was denied.

Cowan then filed his federal habeas petition on March 13, 2015. Pet. at 8 Decl. ¶ C; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

## II. Claims

In essence, Cowan claims: 1) the trial court did not have lawful authority or jurisdiction to contract or accept a plea from him in violation of his right to due process (*Id.*) at 8; 2) that he was denied a fair proceeding before an impartial tribunal in violation of his right to due process and fundamental fairness (*Id.*) at 5; 3) that because the trial court was operating under a conflict of interest and without jurisdiction in violation of his right to due process, Cowan is actually innocent; (*Id.*) at 9-10, and; 4) that the Montana Supreme Court's reliance upon *State v. Pavey*, 2010 MT 104, and *State v. Violette*, 2009 MT 19, was misplaced. (*Id.*) at 13-14.

## III. Analysis

At the outset, this Court finds that Cowan's final claim, challenging the Montana Supreme Court's reliance on *Pavey* and *Violette*, is not properly before this court. Not only was that issue never presented to the Montana Supreme Court, a claim for federal habeas relief may not be predicated upon an alleged violation of state law. *See*, 28 U.S.C. § 2254(a). *See also, Nunes v. Ramirez-Palmer*, 485 F.3d 432, 443 (9th Cir. 2007). Rather, federal courts may entertain an individual's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* *See also, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."). Consequently, the Court is without authority to address this claim.

A federal habeas court generally will not hear claims that have never been fairly presented in state court. As set forth above, Cowan did not raise his claims in the trial court. Rather, he petitioned the Montana Supreme Court for a writ of habeas corpus on February 5, 2015. His petition was denied with the court finding that his original deferred sentence for aggravated kidnapping was legal and that Cowan's challenges to his entry of guilty pleas and the trial court's jurisdiction were procedurally barred. Finally, the Court found that habeas relief "is not

available to attack the legality of an order revoking a suspended or deferred sentence." Section 46-22-101(2), MCA. Thus, all of Cowan's claims are subject to dismissal for procedural default. *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005); *Smith v. Baldwin*, 510 F. 3d 1127, 1139 (9th Cir. 2007) (en banc)(quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1(1991)).

Cowan may overcome procedural default and obtain review of the merits of his case in one of two ways: he can make and adequate showing of cause and prejudice for his failure to exhaust his state court remedies, *see Stickler v. Greene*, 527 U.S. 263, 282, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999), or, he may demonstrate actual innocence, *see McCleskey v. Zant*, 499 U.S. 467, 494, 111 S. Ct 1454, 113 L. Ed. 2d 517 (1991).

It appears that Cowan is aware of his procedural default. While he never mentions the cause and prejudice basis for excusing the default, he does refer in his petition to the fact that he is "actually innocent" and that his actual innocence should serve to excuse operation of the procedural bar and qualify him for relief. Pet. (Doc. 1) at 11. While Cowan's actual innocence argument is not easy to follow, the gist seems to be that because he believes the trial court did not have jurisdiction due to a perceived conflict of interest, the court was itself barred from conducting the proceedings leading up to, and following, Cowan's change of plea

and subsequent revocation proceedings. Because the trial court lacked authority, so the argument goes, it did not have the ability to convict Cowan which necessarily means he must be actually innocent. Cowan cites various state and federal constitutional provisions as well as Sections 28-2-201 and 45-6-325)(1)(a)(b), MCA, in support of this contention.

MCA § 28-2-201 sets forth who may be a party to a contract, "[a]ll persons are capable of contracting except minors, persons of unsound mind, and persons deprived of civil rights." Cowan seems to believe that this statue supports his claim of actual innocence by arguing that the trial judge could not have been a party to a contract involving Cowan, because he was "contracting and adjudicating" Cowan while depriving him of his civil rights. (Doc. 1) at 11. While Montana law provides that plea agreements are subject to the law governing contracts, it is undisputed that the trial court is not a party to a plea agreement. *See State v. Rardon*, 2002 MT 345, ¶ 18, 313 Mont. 321, 776 P. 2d 132; *State v. Persak* (1993), 256 Mont. 404, 847 P. 2d 280; *see also* § MCA 46-12-211(1) (denoting that parties to a plea bargain are the prosecutor and the attorney for the defendant, or the defendant when acting pro se). Cowan then appears to argue that because the convictions following the guilty pleas (and the subsequent revocations) are somehow infirm, he is, in turn, actually innocent. While Cowan's argument is

novel,[2] it is clear that he conflates actual innocence with legal innocence. Regardless, nothing in his argument serves to excuse his procedural default.

In order to pass through the actual innocence procedural gateway set forth in *Schlup v. Delo*, Cowan would have to show that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime. *Schlup v. Delo,* 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed 808 (1995). Cowan cannot meet this showing because he plead guilty to three separate offenses: in 2002 to aggravated kidnapping and in 2009 to burglary and felony possession of dangerous drugs. In 2005, his aggravated kidnapping sentence was revoked and he was resentenced. In 2009, while still serving time on that revocation, Cowan plead guilty to burglary and felony possession of dangerous drugs. In 2013, again due to violations of the terms and conditions of his sentences, Cowan was revoked and resentenced on both matters. On the 2002 charge, not only did Cowan plead guilty, but he was sentenced and revoked twice. On the 2009 charge, Cowan was sentenced following guilty pleas and resentenced during the 2013 revocation. Cowan does not set forth any dispute with the allegations made against him, he does not deny involvement in the alleged offenses, and he does not present any evidence in the form of affidavits or witness statements to support a claim of innocence. *See generally* (Doc. 1). In short,

[2] Cowan goes on to argue that the trial judge somehow violated the criminal forgery statute as set forth at MCA 45-6-325(1)(a) and (b). How the trial court committed forgery is unclear and nonsensical.

Cowan has presented no new reliable evidence upon which to base his actual innocence claim, thus, he fails to satisfy the *Schlup* standard.

The bulk of Cowan's argument seems to rest upon his disagreement with the trial court's jurisdiction and the perceived bias against him. It appears that Cowan believes because the trial judge allegedly recused himself from a juvenile matter of Cowan's, he could not lawfully preside over any adult criminal matters involving Cowan. *Id.* at 9-11. Not only is there no indication in the record that Cowan ever challenged these issues prior to entry of his pleas, there is no record that he entered a conditional guilty plea, pursuant to MCA § 46-12-204(3), which would have allowed him the right to appeal adverse determinations of pretrial motions following the entry of his guilty plea and sentencing. The time to raise such issues would have been in a pre-trial motion challenging the original charges, not now, years after the fact.

Even if this Court were to agree with the merits of Cowan's argument, which it does not, this Court cannot even consider his petition unless he can overcome the procedural default. Cowan has not demonstrated any cause and prejudice to excuse his default. Likewise, the lengthy argument set out in his petition aimed at the bias he perceives within the trial court is not, in reality, an argument of actual innocence. Accordingly, this court cannot consider the merits of Cowan's procedurally defaulted petition. The petition should be dismissed with

prejudice as procedurally defaulted in its entirety.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Cowan has not made a substantial showing that he was deprived of a constitutional right. Further, as he failed to present his claim to the Montana Supreme Court, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Cowan's petition (Doc. 1) should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Cowan may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Cowan must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 7th day of May, 2015.

Jeremiah C. Lynch
United States Magistrate Judge

[3] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.