**FILED**

SEP 0 8 2015

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

SHAWN RYAN COWAN,

    Petitioner,

 vs.

DAVID BERKEBILE and TIM FOX,

    Respondents.

CV 15–24–M–DLC–JCL

ORDER

Before the Court are United States Magistrate Judge Jeremiah C. Lynch's May 7, 2015 findings and recommendations regarding Petitioner Shawn Ryan Cowan's ("Cowan") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254; Cowan's motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") related to two of his parole conditions; and a handful of other motions related to the factual record or otherwise urging the Court to act in some fashion. The Court will grant Cowan's motion to enlarge the factual record, and will consider all of the submitted materials in reviewing Judge Lynch's findings and recommendations and Cowan's motion for TRO and PI. Cowan, proceeding pro se, was incarcerated at the time he filed his petition and motion, but has since been released from custody on parole.

Cowan successfully moved for an extension of the deadline for filing objections to the findings and recommendations, then timely filed objections according to the extended deadline. He then filed a supplement to his objections, also prior to the amended deadline. Cowan is therefore entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Furthermore, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (citations omitted). For the reasons explained below, the Court adopts Judge Lynch's findings and recommendations in full, denies Cowan's motion for a TRO and PI, and dismisses his case.

## I. Cowan's original habeas petition.

Judge Lynch found the claims originally raised in Cowan's habeas petition

to be either inappropriately raised at this level, pursuant to 28 U.S.C. § 2254(a), or procedurally barred without excuse. As to the first of these grounds, Judge Lynch found that Cowan's claims related to the Montana Supreme Court's allegedly erroneous application of *State v. Pavey*, 231 P.3d 1104, 1106-1107 (Mont. 2010), and *State v. Violette*, 201 P.3d 804, 808 (Mont. 2009), are barred as beyond the scope of review by a federal court under § 2254(a). Judge Lynch found that the Montana Supreme Court's reliance on these two cases – which explicate the law related to appealing non-jurisdictional defects following a guilty plea – in its review of Cowan's state habeas petition, amounted to "state-court determinations on state-law questions" and as such could not form the basis of habeas relief in this Court. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Hayes v. Ayers*, 632 F.3d 500, 517 (9th Cir. 2011).

As to the procedural default grounds for dismissing the petition, Judge Lynch found that, because Cowan failed to raise the issues underlying his federal habeas claims with the trial courts at the appropriate time, and because the Montana Supreme Court subsequently denied his state habeas petition as procedurally defaulted, the remainder of the claims in Cowan's federal habeas petition are procedurally defaulted in this Court. *See Smith v. Baldwin*, 510 F.3d 1127, 1138 (9th Cir. 2007) ("If the petitioner fails to present his federal claims to

the state's highest court, and if he is procedurally barred from presenting those claims to the appropriate state court at the time of filing his federal habeas petition, the petitioner's claims are considered procedurally defaulted for purposes of federal habeas review") (citations omitted). Judge Lynch further found that neither the "cause and prejudice" exception, *Stickler v. Greene*, 527 U.S. 263, 282 (1999), nor the actual innocence exception, *McCleskey v. Zant*, 499 U.S. 467, 494 (1991), to a procedural default applied to save Cowan's petition. In particular, given that Cowan pled guilty to each of the three offenses underlying his state convictions and failed to present any new evidence related to those offenses with the instant petition, Judge Lynch found that Cowan fails to make out a viable actual innocence argument.

Cowan objects to the entirety of Judge Lynch's findings and recommendations, but his objections do nothing more than restate, with markedly greater disdain for the court system, the same arguments he made in his original petition. Cowan continues to press the issue of what he perceives to be Judge Jeffrey Langton's bias towards him, in both his juvenile and adult criminal matters, as a result of the fact that his parents owed Judge Langton money for legal services rendered prior to taking the bench. He also continues to argue that the state court lacked "lawful authority or jurisdiction to contract or accept a plea from

-4-

him" because of the circumstances with Judge Langton. (Doc. 11 at 3.) While it is true that Judge Langton recused himself from Cowan's 1992 juvenile matter as a result of the outstanding debt, nothing indicates that the debt remained outstanding at the time of Cowan's kidnaping, burglary, and drug charges. Moreover, the fact that Cowan's mother owed the sentencing judge a small sum of money from an unrelated matter does not constitute a per se unavoidable conflict or bias depriving the state court of jurisdiction, or preclude the court from accepting Cowan's voluntary guilty pleas. In short, nothing in Cowan's objections cures his procedural default or otherwise calls Judge Lynch's analysis into question, least of all his claims that the federal judiciary is colluding with the state of Montana to terrorize him and "actively attempt[] to conceal . . . injustice." (Doc. 11 at 18.) The Court therefore adopts Judge Lynch's findings and recommendation in full.

## II. Cowan's motion for TRO / PI

Nearly two months after Judge Lynch issued his findings and recommendations, Cowan filed his motion for TRO and PI. Cowan claims that the motion involves the same issues addressed in his petition, and so indicates that he does not view the claims underlying the motion as a new, separate action. In essence, Cowan claims that two of the special conditions imposed upon him at the time of his parole – requiring chemical dependency and mental health counseling

– "create an undue burden and further hardship" for him by placing him at greater risk of re-offending. (Doc. 13 at 1.) Cowan suggests that he neither needs mental health counseling nor is able to attend the available sessions nearest his home, and might be tempted to re-use methamphetamine if forced to spend time with recovering addicts at chemical dependency counseling sessions. Thus, he moves for a TRO and PI to prohibit the Montana Department of Corrections ("MDOC") from enforcing the conditions.

"[A] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc. v. A..BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). A preliminary

injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A TRO, in turn, "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2951 (3d ed. West 2005).

Pursuant to Montana law, the MDOC retains custody of individuals placed on parole and supervises those individuals in accordance with any conditions of supervision imposed by the Board of Pardons and Parole ("Board"). Mont. Code Ann. §§ 46-23-1021, 46-23-215. "Since parole is granted as a matter of grace, rather than right, the state may offer such grace under and subject to such conditions as it considers most conducive to accomplish the desired purpose." *McDermott v. McDonald*, 24 P.3d 200, 204 (Mont. 2001) (citations omitted). Generally, conditions of release must have "a nexus to either the offense for which the offender [has been] sentenced, or to the offender himself or herself." *State v. Ashby*, 179 P.3d 1164, 1167 (Mont. 2008). "A parole is not required to be accepted by any prisoner if he does not desire it, nor if he does not wish to accept the conditions of it." *Petition of Hart*, 399 P.2d 984, 985 (Mont. 1965); *see State ex rel. Crosby v. White*, 456 P.2d 845, 847 (Mont. 1969) ("A prisoner should know

at the time a parole is approved from him just what conditions are attached to it so that he can choose whether to accept it or not").

It is clear, based on materials Cowan submitted to the Court, the nature of the offenses to which Cowan pled guilty, and the record in his underlying cases, that the conditions he finds offensive are in fact eminently appropriate. Cowan pled guilty to aggravated kidnapping, the commission of which involved torturing and threatening to kill a man Cowan thought stole a stereo, in 2005, and to burglary and criminal possession of dangerous drugs in 2009 – the facts of the offenses alone provide a nexus for the mental health and drug counseling conditions. In 2012, at the time the state revoked Cowan's suspended sentences for the 2005 and 2009 convictions, his state probation officer expressed concern over Cowan's "paranoia, personality disorder, anger, and anti-social behavior." (Doc. 13-1 at 6.) Cowan's mental competency was at issue throughout the revocation proceedings, and at least one mental health professional found Cowan unfit to proceed as of February 2013. *See State v. Cowan*, No. DA 13-0605, Appellant's Counsel's *Anders* Brief, 8 (Mont. Dec. 19, 2014). Moreover, Cowan accepted the parole subject to the conditions at issue, rather than decline it because the proposed conditions were too onerous. Consequently, he is neither likely to succeed on the merits in an action to enjoin the conditions nor likely to suffer

irreparable harm through their enforcement. Furthermore, given that parole is a privilege in Montana, the equities wrapped up in the enforcement of two conditions *facilitating* that privilege do not tip in Cowan's favor. Indeed, absent the conditions, the privilege would not have been extended to him. Finally, allowing a person with documented mental health and substance abuse issues, who has on several occasions committed relatively violent crimes, to go without treatment for those issues, is certainly not in the public interest. Ultimately, a TRO and PI cannot issue here.

There being no further issues raised in Cowan's remaining outstanding motions,

IT IS ORDERED that Cowan's motion to enlarge the record (Doc. 15) is GRANTED.

IT IS FURTHER ORDERED that Judge Lynch's findings and recommendations (Doc. 8) are ADOPTED IN FULL. Cowan's petition for writ of habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE. Because Cowan failed to make a substantial showing that he was deprived of a constitutional right, and because reasonable jurists would find no basis to encourage further proceedings on his part, a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Cowan's motion for temporary

restraining order and preliminary injunction (Doc. 13) is DENIED. Cowan's remaining outstanding motions (Docs. 6 and 16) are DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk of Court shall enter, by separate document, a judgment of dismissal.

DATED this _8th_ day of September, 2015.

Dana L. Christensen, Chief Judge
United States District Court